905 F.2d 1532
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Hardy HUTCHINSON, Defendant-Appellant.
 No. 89-5433.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1990.
Decided May 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-15-5)
 Wayne Eads, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Richard H. Moore, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents several questions under the Sentencing Guidelines. On October 14, 1988, William Hutchinson was released from the custody of a North Carolina correctional institution where he had been serving a sentence resulting from a felony conviction. On December 10, 1988, he purchased a Remington 12 gauge shotgun. As a result of an informer's tip, parole officers conducted a search of Hutchinson's residence and found the Remington shotgun box with the sales receipt for the shotgun dated December 10, 1988. When officers asked Hutchinson about the location of the gun, he answered, "You'll never find it." On the day of his arrest, Hutchinson called the person at whose house the shotgun was located, threatened him and told him to get rid of the gun. When arrested, Hutchinson called his landlord and told him that he would kill him if he (Hutchinson) ever found out that he (the landlord) had turned him (Hutchinson) in.
 
 
 2
 After arrest Hutchinson was remanded to the North Carolina Department of Corrections to serve out the balance of his state sentence. He was released three months later and delivered to the United States Marshal to answer charges of making a false statement of material fact in his application to purchase the shotgun, in violation of 18 U.S.C. Sec. 922(a)(6); possessing a firearm when he was prohibited to do so because of his status as a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1); and possession of marijuana, in violation of 21 U.S.C. Sec. 844(a).
 
 
 3
 As a result of plea negotiations, an agreement was reached and set forth in a plea agreement dated April 17, 1989. Under this agreement the government agreed to dismiss the false statement count and Hutchinson agreed to plead guilty to possession of the firearm and possession of marijuana. At sentencing, both the prosecution and the defense recommended a guideline range of 9 to 15 months. The plea agreement contained the statement: "That the defendant has accepted responsibility for his illegal conduct in accordance with guideline section 3E1.1." At the sentencing hearing, the court found that Hutchinson had not accepted responsibility.
 
 
 4
 In the written plea agreement the following appears:
 
 3. The Government agrees as follows:
 
 5
 (a) That the firearm which is the object of Count Two of the Indictment was obtained or possessed solely for sport or recreation pursuant to Guidelines Section 2K2.1(b)(2).
 
 
 6
 At the sentencing hearing the government objected to the conclusion appearing in the presentence report that the shotgun had not been purchased solely for sporting or recreational use. After evidence on this point, the court found that the shotgun was not bought solely for sport and recreation. In this finding the court relied upon the following facts:
 
 
 7
 1. The defendant did not have a hunting license;
 
 
 8
 2. The defendant purchased the shotgun in violation of his conditions of parole;
 
 
 9
 3. The defendant hid or kept the gun with a third party; and
 
 
 10
 4. The defendant has a history of assaultive behavior with dangerous weapons.
 
 
 11
 The court also found from the facts that Hutchinson had obstructed justice.
 
 
 12
 Hutchinson claims error by the court in denying his request for a finding of acceptance of responsibility, in denying his request for a finding that the shotgun was purchased solely for sporting purposes, in denying his request for a finding of post-indictment acceptance of responsibility, in finding that he obstructed justice, and in finding that his criminal history was inadequately covered by Category VI and in entering an upward departure pursuant to Sentencing Guidelines Sec. 4A1.3.
 
 
 13
 The sentencing judge is not bound by the recommendations made by the government in a plea agreement. This is clearly set forth in paragraph 2(g) of the agreement in question which states: "The defendant understands fully that the court is not bound by the Government's recommendation as to sentence." The agreement also acknowledges that the Sentencing Guidelines and policy statements promulgated therewith are applicable to his offenses. The findings made by the sentencing court, and to which the appellant takes exception, are essentially factual and involve the actions of the appellant. Under United States v. Daughtery, 874 F.2d 213 (4th Cir.1989), we review under a clearly erroneous standard. We have applied this standard and find substantial evidence to support the district judge's findings. The upward departure from the guideline range is a reasonable departure based upon the facts of this case and we affirm.
 
 
 14
 AFFIRMED.